UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ALLSTATE INDEMNITY COMPANY,<br><br>    Plaintiff,<br><br>vs.<br><br>HEATHER COLLINS and TYRONE COLLINS,<br><br>    Defendants. | Case No: C 10-2073 SBA<br><br>**ORDER DENYING DEFENDANTS' MOTION TO STRIKE THE ENTIRE COMPLAINT**<br><br>Dkt. 11 |

Plaintiff brings this diversity declaratory judgment action against Defendants based on an insurance coverage dispute. The parties are presently before the Court on Defendants' Motion to Strike the Entire Complaint under the anti-SLAPP provisions of California Code of Civil Procedure §§ 425.16, et seq. Dkt. 11. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby DENIES the motion for the reasons set forth below. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed.R.Civ.P. 78(b).

I.   **FACTUAL BACKGROUND**

    A.   **THE ACCIDENT AND AUTO POLICY**

Defendant Heather Collins was allegedly injured in an automobile accident involving an unidentified driver on December 20, 2001. Oringdulph Decl. ¶ 3 & Ex. A, Dkt. 19. At the time of the accident, Plaintiff insured Ms. Collins and her husband, Defendant Tyrone Collins, under an Allstate Automobile Policy (the "Auto Policy"). See Collins, et al. v. Allstate Indemnity Company, C 09-4110 SBA ("Collins I"), Compl., Dkt. 1. The uninsured motorist ("UM") coverage in the Auto Policy provides:

**If We Cannot Agree**

If **you** and **we** disagree on **your** right to receive any damages or on the amount of damages, then upon written request of either party, the disagreement will be settled by a single neutral arbitrator.

If arbitration is used, any arbitration award will be binding up to your policy limits and may be entered as a judgment in a proper court. All expenses of arbitration will be shared equally. However, attorney fees and fees paid to medical or other expert witnesses are not considered arbitration expenses and are to be paid by the party incurring them.

Davis Decl. ¶ 3 & Ex. A, Dkt. 18 (emphasis in original).

### B. STATUTORY FRAMEWORK

California Insurance Code § 11580.2 governs UM coverage for automobile insurance policies issued in California. See Cal. Cas. Indem. Exch. v. Hoskin, 82 Cal. App. 3d 789, 794 (1978). Section 11580.2 is incorporated into "every automobile insurance policy as if it were written into its provisions." Id.; see also Daun v. USAA Cas. Ins. Co., 125 Cal. App. 4th 599, 606 (2005) ("[S]ection 11580.2 becomes part of every motor vehicle liability insurance policy … and sets forth a mandatory minimum required by law."). In particular, sections 11580.2(i)(2) – (i)(3) provide:

(2) Any arbitration instituted pursuant to this section shall be concluded either:

(A) Within five years from the institution of the arbitration proceeding.

(B) If the insured has a workers' compensation claim arising from the same accident, within three years of the date the claim is concluded, or within the five-year period set forth in subparagraph (A), whichever occurs later.

(3) The doctrines of estoppel, waiver, impossibility, impracticality, and futility apply to excuse a party's noncompliance with the statutory timeframe, as determined by the court.

Furthermore, California Insurance Code § 11580.2(i)(1)(C) states:

The insured . . . formally institute[s] arbitration proceedings by notifying the insurer in writing sent by certified mail, return receipt requested. Notice shall be sent to the insurer or to the agent for process designated by the insurer filed with the department.

### C. DEFENDANTS' ARBITRATION DEMAND AND PRIOR LAWSUIT

Defendants sent Plaintiff a written demand for arbitration on December 17, 2003 by certified mail. Oringdulph Decl. ¶ 3 & Ex. A. On the eve of arbitration, and after the parties had exchanged arbitration briefs, Defendants withdrew from the arbitration proceedings. Compl. ¶ 11. As a result, the arbitration scheduled for July 16, 2009 never took place. Id. On August 5, 2009, Defendants filed suit against Plaintiff in San Francisco County Superior Court, Collins v. Allstate Indem. Co., et al., No. CGC-09-491078, asserting breach of contract and breach of implied covenant claims. See Collins I, Dkt. 1. That suit was subsequently removed to this Court on diversity grounds (Collins I, identified herein). On January 12, 2010, the Court issued an order granting Allstate's motion to dismiss in Collins I. See Collins I, Dkt. 23.

### D. THE INSTANT ACTION

On April 26, 2010, Defendants sent Plaintiff another letter, stating "[t]his will serve as a formal demand for arbitration in this matter." Oringdulph Decl. ¶ 4 & Ex. B. Plaintiff responded by stating that it would "seek judicial determination of its legal obligations." Id. ¶5 & Ex. C. Plaintiff then filed the instant action on May 14, 2010, asserting a single claim for declaratory relief. Compl. ¶¶ 1-29. Plaintiff seeks the following judicial declaration:

> 1. For a judgment declaring the defendants are precluded from arbitrating their UM claim because they failed to conclude the arbitration within five (5) years of the date they formally instituted the arbitration proceedings;
>
> 2. In addition or in the alternative, for a judgment declaring the defendants are precluded from arbitrating their UM claim because they waived their right to arbitrate the claim;
>
> 3. In addition or in the alternative, for a judgment declaring the defendants are precluded from arbitrating their UM claim because they breached the terms of the Auto Policy;
>
> 4. For a declaration to the extent collateral estoppel and/or res judicata apply; [and]
>
> 5. For a declaration of the parties' respective rights, duties and obligations under the Policy[.]

Id. at 7. Plaintiff also seeks recovery of attorney's fees and costs incurred in this action. Id.

Now, Defendants move to strike the entirety of Plaintiff's Complaint, on the ground that Plaintiff violated the anti-SLAPP statute by seeking declaratory relief after Defendants had previously filed a related lawsuit against Plaintiff.  See Dkt. 11.

## II.  LEGAL STANDARD

In 1992, California enacted an anti-SLAPP statute, Code of Civil Procedure § 425.16, to provide a procedure for a court "to dismiss at an early stage nonmeritorious litigation meant to chill the valid exercise of the constitutional rights of freedom of speech and petition in connection with a public issue."  Sipple v. Foundation for Nat'l Progress, 71 Cal. App. 4th 226, 235 (1999).  This type of nonmeritorious litigation is referred to under the acronym "SLAPP," or Strategic Lawsuit Against Public Participation.  Id.  The archetypal SLAPP complaint is a "generally meritless suit[ ] brought by large private interests to deter common citizens from exercising their political or legal rights or to punish them for doing so."  Wilcox v. Sup. Ct., 27 Cal. App. 4th 809, 816 (1994).  "California enacted section 425.16 to provide a procedural remedy to resolve such a suit expeditiously."  Dowling v. Zimmerman, 85 Cal. App. 4th 1400, 1414 (2001) (internal quotation marks and citation omitted).

When a plaintiff brings a SLAPP complaint, the defendant may move to strike the complaint under section 425.16.  Cal. Code of Civ. P. § 425.16(f).  "Analysis of an anti-SLAPP motion to strike involves a two-step process."  Kearney v. Foley & Lardner, LLP, 566 F.3d 826, 836 (9th Cir. 2009).  First, the defendant must make an initial *prima facie* showing that plaintiff's suit arises from an act in furtherance of defendant's right of petition or free speech.  Braun v. Chronicle Publishing Co., 52 Cal. App. 4th 1036, 1042-43 (1997).  Second, "[i]f the court determines that the defendant has met this burden, it must then determine whether the plaintiff has demonstrated a probability of prevailing on the merits."  Kearney, 566 F.3d at 836-37; Damon v. Ocean Hills Journalism Club, 85 Cal. App. 4th 468, 474 (2000).  In reviewing a motion under section 425.16, "the trial court is required to consider the pleadings and the supporting and opposing affidavits stating the facts upon which the liability or defense is based."  Church of Scientology v. Wollersheim, 42 Cal. App. 4th 628, 646 (1996).

## III. ANALYSIS

The threshold question presented is whether the conduct forming the basis of Plaintiff's claims constitutes "protected activity" within the meaning of section 425.16. The activities protected under the anti-SLAPP statute are: (1) written or oral statements made before a legislative, executive, or judicial proceeding; (2) written or oral statements made in connection with an issue under consideration or review by a legislative, executive, or judicial body; (3) written or oral statements made in a place open to the public or in a public forum in connection with an issue of public interest; or (4) any other conduct in furtherance of the exercise of the constitutional rights of petition or free speech in connection with a public issue or an issue of public interest. Cal. Code Civ. P. § 425.16(e). Whether a cause of action arises from protected activity depends upon its principal thrust or gravamen. In re Episcopal Church Cases, 45 Cal. 4th 467, 477 (2009). "[T]he critical point is whether the plaintiff's cause of action [is] based on an act in furtherance of the defendant's right of petition or free speech." City of Cotati v. Cashman, 29 Cal. 4th 69, 78 (2002).

Here, Defendants assert that Plaintiff filed this action – seeking, among other relief, recovery of costs and attorney's fees – in retaliation for Defendants' prior lawsuit. However, Defendants fail to articulate how the "principal thrust or gravamen" of Plaintiff's Complaint "arises from" protected speech or petitioning activities. Instead, Defendants rely upon the mere fact that Plaintiff filed suit after Defendants filed suit, which, according to Defendants, necessarily means that Plaintiff sued them for protected activity.[1] That is not the case. As explained in USA Waste of Cal., Inc. v. City of Irwindale, 184 Cal. App. 4th 53 (2010), although a cause of action may have arguably been triggered by protected activity, it does not necessary follow that the claim "arises from" such protected activity. Id. at 62-63. In the anti-SLAPP context, a cause of action only "arises from" protected activity where the defendant's act underlying the plaintiff's cause of action is based on an act in furtherance of the defendant's

---

[1] In their reply brief, Defendants contend that "the protected acts for which [Plaintiff] asserts liability and seeks damages are scattered liberally throughout [the] Complaint." Defs.' Reply at 2, Dkt. 21. Yet, Defendants fail to cite to a single example from the Complaint in support of this contention.

right of petition or free speech. Id. at 63. Hence, a "defendant in an ordinary private dispute cannot take advantage of the anti-SLAPP statute simply because the complaint contains some references to speech or petitioning activity by the defendant." Id.; see also Navellier v. Sletten, 29 Cal. 4th 82, 89 (2002) ("[T]he mere fact that an action was filed after protected activity took place does not mean the action arose from that activity for the purposes of the anti-SLAPP statute. . . . [T]hat a cause of action arguably may have been 'triggered' by protected activity does not entail that it is one arising from such.").

Based on the Complaint, it is apparent that the "principal thrust or gravamen" of this case is a coverage dispute over the meaning and interpretation of an insurance policy, as governed by the California Insurance Code, which does not implicate protected activity under the anti-SLAPP statute. In a case with facts similar to those here, State Farm Gen. Ins. Co. v. Majorino, 99 Cal. App. 4th 974 (2002), a homeowner's insurer, State Farm, sought declaratory relief that its policy did not cover a liability claim asserted against its insureds, the Catalanos, by personal injury plaintiffs who had sued the Catalanos. Id. at 976. In response, the personal injury plaintiffs brought an anti-SLAPP motion to strike State Farm's declaratory relief complaint. Id. The Court of Appeal held that State Farm's suit did not arise from the personal injury lawsuit. Id. at 977. Rather, the basis for State Farm's suit was the Catalanos' "tender of the defense of [the personal injury] lawsuit under a policy that contains an arguably applicable exclusionary clause." Id. The Court of Appeal concluded that "an insurance company's declaratory relief action to resolve coverage issues does not qualify as a SLAPP suit" (id. at 975), explaining:

> Appellants' personal injury suit against the Catalanos did trigger the chain of events that caused State Farm to seek a judicial declaration of its coverage obligations. And the nature of the claims in the underlying personal injury case frames the scope of coverage under the State Farm policy. But the action for declaratory relief arose from the tender of defense and the terms of an insurance policy issued well before the underlying litigation commenced, not from the litigation process itself.
>
> . . .
>
> Treating State Farm's declaratory relief action as a SLAPP suit would be inconsistent with the fundamental purpose of section 425.16, namely, to stem the

flow of "lawsuits brought primarily to chill the valid exercise of ... constitutional rights." The issue to be litigated in the declaratory relief action is State Farm's obligations to the Catalanos.

Id. at 977-78 (internal citations omitted).

Here, as in Majorino, the act that underlies Plaintiff's declaratory relief action is not the prior lawsuit filed by Defendants, but rather is Defendants' purported tender of a UM claim on April 26, 2010 and their alleged failure to conclude arbitration within five years. Put differently, Plaintiff's declaratory relief action arises from the impact of the California Insurance Code on Defendants' claim under the Auto Policy. In particular, the issue is whether, given the terms of the Auto Policy and related statutes, Defendants have the right to pursue their UM claim. The fact that Plaintiff's complaint contains some allegations relating to the UM arbitration and the prior lawsuit does not change this fact. Rather, such allegations merely provide context for the actual controversy that is at the heart of this case. In addition, Defendants fail to provide in their reply brief any response to the Majorino decision or Plaintiff's related argument. At bottom, Defendants fail to satisfy their burden of proving that the "gravamen" of this suit arises from protected activity.[2]

IV.   **CONCLUSION**

For the reasons stated above,

IT IS HEREBY ORDERED THAT:

1.   Defendants' Motion to Strike the Entire Complaint (Dkt. 11) is DENIED.

2.   A telephonic Case Management Conference is scheduled in this matter for **June 23, 2011 at 2:30 p.m.** The parties shall meet and confer prior to the conference and shall prepare a joint Case Management Conference Statement which shall be filed no later than ten (10) days prior to the Case Management Conference that complies with the Standing Order for All Judges of the Northern District of California and the Standing Order of this Court. Plaintiff

---

[2] Since Defendants fail to demonstrate that the conduct forming the basis of the action constitutes protected activity, the burden does not shift to Plaintiff to show a reasonable probability that it will succeed on the merits.

1 shall be responsible for filing the statement as well as for arranging the conference call. All
2 parties shall be on the line and shall call (510) 637-3559 at the above indicated date and time.

3      3.    This Order terminates Docket 11.

4      IT IS SO ORDERED.

5 Dated: March 17, 2011

                                       SAUNDRA BROWN ARMSTRONG
                                       United States District Judge