UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLSTATE INDEMNITY CO.,<br><br>Plaintiff,<br><br>v.<br><br>COLLINS, *et al.*,<br><br>Defendants.<br>_____/ | No. C-10-02073-SBA (DMR)<br><br>**ORDER RE PARTIES' JOINT DISCOVERY LETTER OF AUGUST 12, 2011 [DOCKET NO. 47]** |

Before the court is the parties joint discovery letter of August 12, 2011 [Docket No. 47]. This order memorializes the agreement reached on the record in resolution of Defendants' motion to quash deposition subpoenas of defense counsel Krell and Robinson.

Allstate shall provide a list of deposition topics which are set forth with reasonable particularity to be covered in a Rule 30(b)(6) deposition of the person(s) most knowledgeable regarding that contacts of Defendants' counsel with Allstate in the underlying case, as well as the applicability of exceptions to Cal. Ins. Code § 11580.2(i)(3).

After Allstate provides the list of deposition topics, the parties shall meet and confer regarding the scope of those topics. Defendants shall designate one or more persons to testify on those topics pursuant to Rule 30(b)(6). Other than the deponent(s), Defendants agree not to offer any written or oral testimony in this case by anyone associated with the Krell firm on any topic

covered by the deposition. Allstate also agrees not to move for disqualification of defense counsel on the grounds that they are testifying in a case in which they also serve as advocates.

The deposition(s) shall not exceed a total of four hours, exclusive of breaks. Plaintiff may not ask any questions that invade the attorney-client privilege or work product doctrine.

IT IS SO ORDERED.



Dated: September 8, 2011

DONNA M. RYU
United States Magistrate Judge

2